IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUEMON D. WILDY, SR., et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-01831-BF |
| | § | |
| WELLS FARGO BANK, NA., et al., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. On June 13, 2012, Wells Fargo Bank, NA ("Wells Fargo") filed a Notice of Removal from the 95th Judicial District Court, Dallas County, Texas. (Doc. 1.) Defendant Brice, Vander Linden & Wernick, P.C. ("Brice Vander") consented to the removal. (Doc. 1, Ex. D.) On July 10, 2012, Yolanda R. Wildy and Jacquemon D. Wildy, Sr.  (collectively referred to as "Plaintiffs") filed a Motion to Remand. (Doc. 8.) On July 17, 2012, Wells Fargo filed a Response in Opposition to the Motion to Remand. (Doc. 9.) Plaintiffs failed to file a reply, and the time to do so has expired. For the following reasons, the Court finds removal proper and DENIES Plaintiffs' Motion to Remand.

## Background

Wells Fargo removed the case to this Court based on federal question jurisdiction and diversity jurisdiction. (*See* Def.'s Notice of Removal, 4-6). A defendant may only remove a case based on diversity jurisdiction if none of the defendants properly joined is a resident of the state in which the suit was brought. 28 U.S.C. § 1441(b). It is undisputed that Plaintiffs are residents of Dallas County, Texas. (Pls.' Pet. ¶10.) Plaintiffs filed their Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction ("Petition") in Dallas County, Texas. (*Id.* at 1.) The parties agree that Wells Fargo is not a resident of the state of Texas

because its principal place of business is in South Dakota. (Def.'s Notice of Removal ¶¶17-18.) However, Defendant Brice Vander is a citizen of the state of Texas, as its principal place of business is in Texas. (*Id.* at ¶14.) For this reason, Plaintiffs contend that diversity jurisdiction does not exist. Wells Fargo counters that Plaintiffs improperly joined Brice Vander, and thus its citizenship should be disregarded for diversity purposes. Because Wells Fargo has demonstrated improper joinder of Brice Vander, the Court will disregard its citizenship, and thus finds that complete diversity of citizenship exists between the parties. This Court, therefore, has jurisdiction over the action pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332(a).[1]

## Undisputed Material Facts

Plaintiffs filed this action against Wells Fargo and Brice Vander for their participation in attempting to foreclose on Plaintiffs' property located at 1710 Tellwood Drive, Mesquite, Texas 75149 (the "Property"). (Def.'s Resp. to Mot. to Remand ¶ 4.) Plaintiffs took out a mortgage loan which was secured by the Property. (Pls.' Pet. ¶ 10.) Wells Fargo is both the holder and servicer of Plaintiffs' mortgage loan. (*Id.* at ¶ 3.) After initially making regular payments, Plaintiffs began falling behind on their payments, and thus defaulted on the loan. (*Id.* at ¶¶ 10-11.) Consequently, Wells Fargo retained Brice Vander to initiate foreclosure proceedings on the Property. (Def.'s Resp. to Mot. to Remand ¶ 4.) Plaintiffs in turn filed this lawsuit and still reside at the Property.

---

[1] The Court notes that Plaintiffs do not contend that the amount in controversy requirement for diversity jurisdiction has not been satisfied. The Court finds that Wells Fargo has met its burden of establishing that the amount in controversy exceeds the requisite $75,000.00 exclusive of interest and costs. (*See* Def.'s Notice of Removal ¶¶ 21-24.)

**<u>Standard of Review</u>**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "[R]emoval statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). The removing party bears the burden of establishing the basis for diversity jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citation omitted).

In diversity jurisdiction cases, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The "burden of demonstrating [improper] joinder is a heavy one." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs*, 181 F.3d at 699). Under the second prong, the court must examine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal

of all defendants." *McDonal*, 408 F.3d at 183. The Fifth Circuit has explained that the standard to be utilized in examining a claim of improper joinder is similar to that of a Federal Rule of Civil Procedure 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573; *Campbell v. Stone Ins. Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)). However, the extent of the analysis for improper joinder is broader because a court may "pierce the pleadings" and consider summary-judgment type evidence. *Campbell,* 509 F.3d at 669 (citing *Ross,* 344 F.3d at 462-63). The undisputed factual allegations in a plaintiff's complaint must be viewed "in the light most favorable to the plaintiff." *Id.* (quoting *Ross,* 344 F.3d at 463).

### Analysis

In their Petition, Plaintiffs claim that Brice Vander's threat to move forward with foreclosure on Plaintiffs' home violated sections 392.301(a)(8), 392.304(a)(8), and 392.304(a)(19) of the Texas Finance Code, also referred to as the Texas Debt Collection Act ("TDCA").[2] (Pls.' Pet. ¶¶ 29-33.)

### Section 392.301

Plaintiffs allege that Brice Vander violated Section 392.301(a)(8) of the TDCA by threatening to move forward with the foreclosure of Plaintiffs' home without certification from Wells Fargo that all non-foreclosure options had been exhausted, as required under the Handbook for Servicers of Non-GSE Mortgages (the "Handbook"). (Pls.' Pet. ¶ 31.) The relevant part of the TDCA states that "[i]n debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8).

---

[2] The Court notes that Plaintiffs alleged additional causes of action against Wells Fargo, but only claimed that Brice Vander violated the TDCA. (*See* Pls.' Pet.)

The crux of Plaintiffs' contention is that Wells Fargo, as a participant in the Making Homes Affordable ("MHA") program and the Home Affordable Modification Program ("HAMP"), knew that it legally could not move forward with foreclosure on Plaintiffs' home until it had certified that all non-foreclosure options had been exhausted pursuant to the requirements in the Handbook. (Pls.' Pet. ¶ 31.) Plaintiffs further contend that Brice Vander also knew that it could not move forward with foreclosure on Plaintiffs' home until Wells Fargo had issued a written certification to them, attesting that all loss mitigation options had been considered and exhausted. (*Id.* at ¶ 32.) Plaintiffs then concluded that Brice Vander's attempt to foreclose on the Property was an action prohibited by law because it was not in compliance with the procedures set forth in the Handbook. (*Id.*)

In order to state a claim for which relief can be granted, Plaintiffs must show that Brice Vander "threaten[ed] to take an action prohibited by law." *See* TEX. FIN. CODE § 392.301(a)(8). Brice Vander did threaten to foreclose on Plaintiffs' home after Plaintiffs defaulted on their mortgage loan. However, foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage. *See Burr v. JPMorgan Chase Bank, N.A.*, No.4:11–CV–03519, 2012 WL 1059043, at *7 (S.D. Tex. March 28, 2012) (dismissing a borrowers' claim under the TDCA, based on a violation of HAMP, because foreclosing on a borrowers home after admittedly defaulting on their loan is not an action prohibited by law); *see also Watson v. Citimortgage, Inc.*, 4:10-CV-707, 2012 WL 381205, at * 8 (E.D. Tex. Feb. 3, 2012) ("[f]oreclosure is not an action prohibited by law.") Here, it is undisputed that Plaintiffs defaulted on their loan, and thus the attempt to foreclose by Brice Vander was not unlawful.

Furthermore, Plaintiffs merely conclude by their own assertion that failing to follow the procedures set out in the Handbook is unlawful. However, Plaintiffs do not even allege that Brice

Vander was a participant in the HAMP or MHA programs, making the Handbook applicable. Plaintiffs failed to produce any evidence demonstrating that the Handbook is binding on Brice Vander, and Plaintiffs have not shown any connection between Brice Vander and the Handbook.

Moreover, courts in the Fifth Circuit have repeatedly held that borrowers are not third-party beneficiaries to the HAMP or MHA agreements, and thus lack standing to challenge the lender's compliance with these federal programs. *See Strange v. Flagstar Bank, FSB*, No. 3:11–CV–2642–B, 2012 WL 987584, at *3 (N.D. Tex. March 22, 2012) (granting a lender's motion to dismiss because the borrowers lacked standing to bring a breach of contract claim under HAMP); *Cade v. Bac Home Loans Servicing, LP*, No. H-10-4224, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) (explaining that "the majority of courts faced with HAMP questions . . . have determined that no private right of action to enforce lender compliance exists under HAMP.  This majority has declined to find a private right, and further rejected the theory that borrowers are intended third-party beneficiaries of the HAMP Servicer Particpation Agreement"); *Burr*, 2012 WL 1059043, at *5 (holding that borrowers are not third-party beneficiaries of a lending institution's HAMP and HAFA agreements, and thus lack standing to challenge the lender's compliance with these agreements); *Akintunji v. Chase Home Fin., L.L.C.*, No. H-11-389, 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) (holding that there is no private cause of action under HAMP); *Gianake v. JPMorgan Chase Bank*, No. H-11-2075, 2011 WL 2670179, at *1 n.2 (S.D. Tex. July 7, 2011) (collecting cases from several federal district courts holding there is no private cause of action under HAMP).

Thus, even if the Handbook of the HAMP or MHA programs was binding on Brice Vander, Plaintiffs still lack standing to challenge compliance with these programs. Plaintiffs fall short of providing any facts or evidence demonstrating that Brice Vander participated in an action prohibited

by law as required by Section 392.301(8) of the TDCA. Accordingly, the Court finds that Plaintiffs'

conclusory allegations are insufficient to state a plausible claim under Section 392.301(a)(8) of the

TDCA against Brice Vander.

## Section 392.304

Plaintiffs allege that Brice Vander "misrepresented the character and extent of [Plaintiffs']

debt as well as made false representations to collect it." (Pls.' Pet. ¶ 33.) Plaintiffs' sole allegation

to support this contention is that Brice Vander engaged in the process of foreclosing on the Property

after Wells Fargo denied Plaintiffs' request for a short sale. (*Id.*) The pertinent provisions of Section

392.304 read as follows:

> (a) Except as otherwise provided by this section, in debt collection or obtaining
> information concerning a consumer, a debt collector may not use a fraudulent,
> deceptive, or misleading representation that employs the following practices:
>> (8) misrepresenting the character, extent, or amount of a consumer debt, or
>> misrepresenting the consumer debt's status in a judicial or governmental
>> proceeding;
>> (19) using any other false representation or deceptive means to collect a
>> debt or obtain information concerning a consumer.

TEX. FIN. CODE § 392.304(a)(8), (a)(19). Plaintiffs assert that Wells Fargo directed them to initiate

a short sale on multiple occasions, after they were told that they did not qualify for a modification.

(Pls.' Pet. ¶ 33.) Then Wells Fargo denied Plaintiffs' request for a short sale and sought out Brice

Vander to engage in foreclosure of the Property. (*Id.*)

Plaintiffs fail to plead any facts demonstrating that Brice Vander either misrepresented the

character, extent, or amount of the debt, or that it used false representation or deceptive means to

collect the debt. The only representations that Plaintiffs allege came from Wells Fargo and not Brice

Vander. The initiation of foreclosure proceedings, alone, does not create an inference that Brice

Vander made any misrepresentations to Plaintiffs. *See Garrett v. HSBC Bank U.S.*, No.

3:12–CV–0012–D, 2012 WL 1658796, at *3 (N.D. Tex. May 11, 2012) (granting a motion to dismiss a Section 392.304 claim where borrowers' only allegation of misrepresentation was that the law firm engaged in the process of foreclosure). Plaintiffs fail to allege how Brice Vander misrepresented the character, extent, or amount of Plaintiffs' debt, or what false representations were made by Brice Vander. Plaintiffs' conclusory allegations, therefore, fail. *See Woodcock v. Chase Home Fin. LLC*, No. H–11–1199, 2012 WL 393260, at *4 (S.D. Tex. Feb 3, 2012) (holding that in order to state a claim under Section 392.304, a plaintiff must state the "who, what, when, where, and how" regarding the alleged violation); *Willeford v. Wells Fargo Bank, N.A.*, No. 3:12-CV-0448-B, 2012 WL 2864499, at *6 (N.D. Tex. July 12, 2012) (granting a motion to dismiss on a Section 392.304 claim where the plaintiff failed to allege what misrepresentations were made by the defendants or what conversations qualified as misrepresentations). The Court finds that Plaintiffs have failed to allege any facts which would substantiate a claim pursuant to Section 392.304 of the TDCA.

In sum, since no reasonable basis for recovery exists, this Court concludes that the Plaintiffs' decision to join Brice Vander was fraudulent. Because Brice Vander was improperly joined in this action, the Court will disregard its citizenship. Since complete diversity of citizenship exists between Plaintiffs and Wells Fargo, this case should not be remanded back to state court. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## Conclusion

For the foregoing reasons, the Court finds removal proper and therefore DENIES Plaintiffs' Motion to Remand (doc. 8). Accordingly, Plaintiffs' request for court costs, expenses, and attorney's fees in the Motion to Remand is also denied.

SO ORDERED, November 30, 2012.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE