IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUEMON D. WILDY, SR., et al., § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-01831-BF |
| § | |
| WELLS FARGO BANK, NA, et al., § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. On June 13, 2012, Wells Fargo Bank, NA ("Wells Fargo") filed a Notice of Removal from the 95th Judicial District Court, Dallas County, Texas. (Doc. 1.) Defendant Brice, Vander Linden & Wernick, P.C. ("Brice Vander") consented to the removal. (Doc. 1, Ex. D.) On August 10, 2012, Wells Fargo then filed a 12(b)(6) Motion to Dismiss and Brief in Support ("Motion to Dismiss"). (Doc. 11.) Jacquemon D. Wildy, Sr. and Yolanda R. Wildy (collectively referred to as "Plaintiffs") filed a timely response to the Motion to Dismiss on August 31, 2012. (Doc. 14.) On September 4, 2012, Wells Fargo filed its reply. (Doc. 15.) For the following reasons, the Court finds that Plaintiffs have failed to state a valid cause of action against Wells Fargo, and thus dismisses their claims with prejudice. Wells Fargo's Motion to Dismiss is GRANTED and Plaintiffs' request to amend their complaint is DENIED.

## Background

On June 4, 2012, Plaintiffs filed their Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction ("Petition") in the 95th Judicial District Court, Dallas County, Texas. On that same date, the state court issued a Temporary Restraining Order preventing Wells Fargo and Brice Vander from foreclosing on Plaintiffs' property

located at 1710 Tellwood Drive, Mesquite, Texas 75149 (the "Property"). (Def.'s Notice of Removal, Ex. B-5.) Plaintiffs filed this action because they dispute Wells Fargo and Brice Vander's right to foreclose on the Property.

In 2008, Plaintiffs executed a Note and a Deed of Trust conveying a security interest in the Property to WR Starkey Mortgage, L.L.P. and its successors. (Def.'s Mot. to Dismiss ¶ 6.) The Note is endorsed to Wells Fargo. (App. to Def.'s Mot. to Dismiss, Ex. 1.) Plaintiffs do not dispute that Wells Fargo is both the holder and servicer of Plaintiffs' mortgage loan. (*See generally* Pls.' Pet., Pls.' Resp. to Mot. to Dismiss.) Furthermore, Plaintiffs do not dispute that they fell behind on their mortgage payments and defaulted on the loan. (Pls.' Pet. ¶ 11.) Pursuant to the Deed of Trust, Plaintiffs' default vested Wells Fargo's right to accelerate the loan and foreclose on the Property. (App. to Def.'s Mot. to Dismiss, Ex. 2 ¶ 22.) Thus, Wells Fargo placed the Property for sale on June 5, 2012. (Def.'s Mot. to Dismiss ¶ 7.) One day prior to the sale, Plaintiffs filed this lawsuit. (*Id.*) Plaintiffs still reside at the Property.

This Court previously found that Brice Vander was improperly joined in the action, and thus disregarded its citizenship in analyzing whether diversity jurisdiction existed. The Court found that complete diversity of citizenship existed between the remaining parties, and the requisite amount in controversy was satisfied. Thus, this Court has jurisdiction over the action pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

### Standard of Review

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 555. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* at 555-56.

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## Analysis

In their Petition, Plaintiffs allege causes of action for (1) breach of contract; (2) violations of the Texas Finance Code, also known as the Texas Debt Collection Act ("TDCA"); and (3) defenses to acceleration and sale.[1] Plaintiffs also seek injunctive relief and attorney's fees. Plaintiffs

---

[1] The Court notes that Plaintiffs raise the defenses of waiver and quasi-estoppel in their Petition. (Pls.' Pet. ¶¶ 34-39.) However, Plaintiffs raise these defenses to acceleration and sale as if Wells Fargo had brought an action in court for relief. Wells Fargo has not filed a lawsuit

3

further request leave to amend their complaint, should this Court find that Plaintiffs have failed to state viable causes of action. The Court will now examine the merits of Plaintiffs' claims.

**Breach of Contract**

Under Texas law, a plaintiff must demonstrate the following elements to succeed on a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 140 (Tex.App.– Corpus Christi 2008, no pet.).

Plaintiffs claim that Wells Fargo breached the Deed of Trust because Wells Fargo "failed to give Mr. and Mrs. Wildy the opportunity to pursue the full range of default-curing options such as the HAMP, proprietary modification, and foreclosure alternatives, such as a short sale or deed-in-lieu of foreclosure." (Pls.' Pet. ¶ 26.) Plaintiffs allege that upon their default on the mortgage loan, the Deed of Trust required Wells Fargo to "(1) send a Notice of Default listing the specific actions to be taken to cure the default, and (2) provide Plaintiffs with at least 30 days to complete each of these specific actions." (*Id.* at ¶ 24.) Plaintiffs further claim that "[i]n the event that one action to cure was unavailable to Mr. and Mrs. Wildy, WFB should have given them at least 30 days to attempt another action to cure."[2] (*Id.*) Wells Fargo counters that it was under no obligation to allow Plaintiffs to pursue the full range of default-curing options prior to acceleration of the loan. This Court agrees.

Plaintiffs fail to point to any provision in the Deed of Trust which obligates Wells Fargo to

---

against Plaintiffs, and thus Plaintiffs cannot raise defenses to claims that Wells Fargo has not asserted. *See Brooks v. Ocwen Loan Servicing, LLC*, No. H-12-1410, 2012 WL 3069937, at *7 (S.D. Tex. July 27, 2012). These defenses are thus improper and are dismissed. *See id.*

[2] In their Petition, Plaintiffs refer to Wells Fargo as WFB.

4

allow Plaintiffs to pursue each possible default-curing option, giving Plaintiffs 30 days to complete each action. Plaintiffs do not claim that Wells Fargo failed to send them a notice of default, or that Wells Fargo failed to give them 30 days to cure the default, as is required under the Deed of Trust. (*See* App. to Def.'s Mot. to Dismiss, Ex. 2 ¶ 22.) The relevant provisions of the Deed of Trust provide:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. (*Id.*)

Instead, Plaintiffs assert that Wells Fargo had a duty, which quite simply is not contained in the Deed of Trust.

Plaintiffs' allegation that Wells Fargo was required to offer non-foreclosure options under the federal Home Affordable Modification Program ("HAMP") fails for several reasons. First, courts in the Fifth Circuit have repeatedly held that borrowers lack standing to challenge lenders' compliance with the HAMP program because they are not third-party beneficiaries to the HAMP agreements. *See Cade v. Bac Home Loans Servicing, LP*, No. H-10-4224, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) (explaining that the notion that borrowers are third-party beneficiaries of HAMP agreements has been rejected by a majority of the courts); *Strange v. Flagstar Bank, FSB*, No. 3:11–CV–2642–B, 2012 WL 987584, at *3 (N.D. Tex. March 22, 2012) (granting a lender's motion to dismiss because the borrowers lacked standing to bring a breach of contract claim under HAMP); *Burr v. JPMorgan Chase Bank, N.A.*, No.4:11–CV–03519, 2012 WL 1059043, at *5 (S.D. Tex. March 28, 2012) (holding that borrowers are not third-party beneficiaries of a lending

5

institution's HAMP and HAFA agreements, and thus lack standing to challenge the lender's compliance with these agreements).

Moreover, several federal district courts in the Fifth Circuit, as well as other circuits, have held that there is no private right of action for borrowers for failure to receive a HAMP modification. *See Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *6 (N.D. Tex. May 21, 2012) (dismissing the plaintiffs' claim of entitlement to a permanent loan modification under HAMP because HAMP does not create a private right of action for borrowers against lenders and servicers); *Cade*, 2011 WL 2470733, at *2 (explaining that "the majority of courts faced with HAMP questions . . . have determined that no private right of action to enforce lender compliance exists under HAMP"); *Akintunji v. Chase Home Fin., L.L.C.*, No. H-11-389, 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) (holding that there is no private cause of action under HAMP); *Mortberg v. Litton Loan Servicing, L.P.*, No. 4:10–CV–668, 2011 WL 4431946, at *5 (E.D. Tex. Aug. 30, 2011) (holding that HAMP does not create a private right of action in the borrower); *Gianake v. JPMorgan Chase Bank*, No. H-11-2075, 2011 WL 2670179, at *1 n.2 (S.D. Tex. July 7, 2011) (collecting cases from federal district courts in other circuits which have held that there is no private cause of action under HAMP).

In Plaintiffs' response to the Motion to Dismiss, they acknowledge that no private right of action for borrowers exists under HAMP, and they insist that their breach of contract claim stems from the Deed of Trust and not from HAMP. This Court disagrees. Again, the Court points out that Plaintiffs have failed to establish any contractual provision in the Deed of Trust which Wells Fargo has violated. Instead, Plaintiffs' claims of entitlement to "the full range of default-curing options such as the HAMP, proprietary modification, and foreclosure alternatives, such as a short sale or

6

deed-in-lieu of foreclosure" comes directly from the guidelines set forth in the Handbook for Servicers of Non-GSE Mortgages (the "Handbook"), which was established to provide *guidelines* for servicers in the Making Home Affordable ("MHA") program.[3] (*See* Pls.' Pet. ¶ 15.) These guidelines in the Handbook have not been incorporated into the Deed of Trust.

Plaintiffs do not allege that Wells Fargo failed to send a notice of default, or that it moved forward with acceleration and foreclosure in less than thirty days. Thus, the Court is unable to find any facts which establish that Wells Fargo breached the Deed of Trust. Accordingly, Plaintiffs' breach of contract claim fails and is therefore dismissed.

**TDCA § 392.301**

Plaintiffs allege that Wells Fargo violated section 392.301(a)(8) of the TDCA by threatening "to take action to foreclose on the property without properly considering Mr. and Mrs. Wildy under the HAFA or another alternative action to cure."[4] (Pls.' Pet. ¶ 31.) Plaintiffs further contend that pursuant to the guidelines in the Handbook, Wells Fargo was obligated to certify that all loss mitigation options had been considered and exhausted before it proceeded with foreclosure. (*Id.* at ¶ 32.) The relevant part of the TDCA states that "[i]n debt collection, a debt collector may not use

---

[3] The MHA program was established by the United States Department of the Treasury to stabilize the country's housing and financial system. HAMP is the primary vehicle of the MHA program. These programs were established pursuant to authority provided in the Emergency Economic Stabilization Act of 2008. 12 U.S.C. § 5201 *et seq* (2010). *See Strange,* 2012 WL 987584, at *2.

[4] HAFA stands for Home Affordable Foreclosure Alternatives, and it is part of and subject to HAMP guidelines. *See Backal v. Wells Fargo*, 4:11-CV-563, 2011 WL 5999044, at *3 (E.D. Tex. Nov. 3, 2011), *rec. adopted*, 2011 WL 5977455 (E.D. Tex. Nov. 29, 2011). Similar to HAMP, there is no private right of action available to borrowers under HAFA. *See id.*

threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8).

In *Brooks,* the plaintiff made the same argument and it was rejected by the Southern District of Texas. 2012 WL 3069937, at *2-4. The court explained that "Brooks does not cite, and the court has not found, any authority for the proposition that a violation of the guidelines is a violation of law." *Id.* at *4. Thus, the court dismissed the plaintiff's claim under section 392.301(a)(8) of the TDCA. *Id.* Additionally, the plaintiffs in *Burr* argued that JPMorgan violated section 392.301(a)(8) of the TDCA because its threat of foreclosure without properly considering them for HAMP or HAFA was a threat to take an action prohibited by law. 2012 WL 1059043, at *7. The court rejected this argument by explaining that "the Burrs do not allege facts establishing that HAMP and HAFA are anything more than mere guidelines; nor do they allege that the programs prohibit or create prerequisites to foreclosure." *Id.* The court further explained "it is well established that JPMorgan's foreclosure on the Burrs' home after the Burrs admittedly defaulted on their mortgage loan is not an action prohibited by law." *Id.* (citing *Watson v. Citimortgage, Inc.*, 4:10-CV-707, 2012 WL 381205, at *8 (E.D. Tex. Feb. 3, 2012) ("[f]oreclosure is not an action prohibited by law.")). The court dismissed plaintiffs' claim under Section 392.301(a)(8) of the TDCA. *Id.* The Court finds this case law persuasive.

Wells Fargo did threaten to foreclose on Plaintiffs' home after Plaintiffs defaulted on their mortgage loan. However, foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage loan. *See supra.* Here, it is undisputed that Plaintiffs defaulted on their loan. Furthermore, it is well established that the TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure,

8

repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3). Moreover, Plaintiffs fail to provide any support in either their Petition or their response to the Motion to Dismiss for the proposition that the guidelines in the Handbook are law, such that a violation of the guidelines would be actionable under § 392.301(a)(8). Similar to the court in *Brooks,* this Court has not found any such authority.

In their response to the Motion to Dismiss, Plaintiffs claim that Wells Fargo's attempt to foreclose was an action prohibited by law because it had not complied with the terms of the Deed of Trust before attempting to foreclose. However, as this Court has already found, Wells Fargo did comply with the provisions in the Deed of Trust because it gave Notice of Default and allowed Plaintiffs thirty days to cure the default. There are no provisions in the Deed of Trust that require Wells Fargo to give Plaintiffs thirty days to attempt every default-curing option. Accordingly, the Court concludes that Plaintiffs' allegations are insufficient to state a plausible claim under § 392.301(a)(8) of the TDCA. Plaintiffs' claim is therefore dismissed.

**TDCA § 392.304**

Plaintiffs allege that Wells Fargo "misrepresented the character and extent of [Plaintiffs'] debt as well as made false representations to collect it" because Wells Fargo directed Plaintiffs to initiate a short sale and then later denied their request for a short sale. (Pls.' Pet. ¶ 33.) Plaintiffs claim that Wells Fargo assured them the opportunity to initiate a short sale, but then denied the request and began the process of foreclosing on Plaintiffs' property. (*Id.*) Section 392.304(a)(8) of the Texas Finance Code prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt." TEX. FIN. CODE § 392.304(a)(8). Section 392.304(a)(19) prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or

9

obtain information concerning a consumer." TEX. FIN. CODE § 392.302(a)(19).

Plaintiffs fail to plead any facts demonstrating that Wells Fargo either misrepresented the character, extent, or amount of the debt, or that it used false representation or deceptive means to collect the debt. The only representation that Plaintiffs allege is that Wells Fargo assured them an opportunity to initiate a short sale. In order for a statement to constitute a misrepresentation under the TDCA, Wells Fargo must have made a false or misleading assertion regarding the character, extent, or amount of Plaintiffs' debt. *See VanHauen v. Am. Home Mortg. Servicing, Inc.,* No. 4:11-CV-461, 2012 WL 874330, at *5 (E.D. Tex. Feb. 17, 2012), *rec. adopted*, 2012 WL 874328 (E.D. Tex. Mar. 14, 2012). Here, Plaintiffs fail to make any such allegation. Moreover, "[d]iscussions regarding loan modification or a trial payment plan are not representations, or misrepresentations, of the amount or character of the debt." *Watson,* 2012 WL 381205, at *7. Similarly, discussions regarding the postponement of foreclosure and the availability of government assistance are not misrepresentations concerning the character, extent, or amount of the debt. *Burnette v. Wells Fargo Bank, N.A.*, 4:09-CV-370, 2011 WL 676955, at *7 (E.D. Tex. Jan. 27, 2011), *rec. adopted,* 2011 WL 675392 (E.D. Tex. Feb. 16, 2011).

Additionally, the TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3). *See Watson,* 2012 WL 381205, at *7; *Burnette,* 2011 WL 676955, at *7. Here, Wells Fargo had the contractual right to sell the Property in the event of a default. The pertinent provision of the Deed of Trust provides "[l]lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies as permitted by Applicable Law." (Def.'s

10

Mot. to Dismiss ¶ 29, App. Ex. 2 ¶ 22.) Plaintiffs have failed to demonstrate how the threat of foreclosure was a false representation or deceptive means to collect the debt. Furthermore, Plaintiffs' allegation that Wells Fargo declined their request for a short sale does not preclude Wells Fargo from exercising its right to foreclose. The Deed of Trust addresses that issue and provides "[a]ny forbearance by Lender in exercising any right or remedy . . . shall not be a waiver of or preclude the exercise of any right or remedy." (Def.'s Mot. to Dismiss ¶ 30, App. Ex. 2 ¶ 12.) Finally, discussions regarding loan modifications, government assistance, or delaying foreclosure do not constitute "deceptive means" to collect a debt. *See Watson,* 2012 WL 381205, at *8; *Burnette,* 2011 WL 676955, at *7. Plaintiffs have provided no evidence that Wells Fargo did anything but exercise its right to foreclose under the Deed of Trust.

The Court finds that Plaintiffs have failed to allege any facts which would substantiate a claim pursuant to § 392.304(a)(8) or (a)(19) of the TDCA. These claims are therefore dismissed.

**Injunctive Relief and Attorney's Fees**

A request for injunctive relief under Texas law is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.,* No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie,* 260 S.W.3d 118, 122 (Tex.App.– Houston [1st Dist.] 2008, no pet.); *Butanaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002). Because Plaintiffs have failed to state any valid causes of action against Wells Fargo, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiffs' request for injunctive relief fails as a matter of law.

Additionally, since Plaintiffs have failed to establish a valid cause of action against Wells Fargo, they are not entitled to damages and cannot recover attorney's fees. *See Green Int'l, Inc. v.*

*Solis,* 951 S.W.2d 384, 390 (Tex. 1997). Thus, their request for attorney's fees in their Petition is denied.

**Request to Amend Complaint**

Finally, in their response to the Motion to Dismiss, Plaintiffs request leave to amend their complaint, should this Court find Plaintiffs' Petition insufficient. (Pls.' Resp. to Mot. to Dismiss ¶ 5.) However, Plaintiffs failed to provide this Court with any argument demonstrating that an opportunity to replead their facts might enable them to avoid a Rule 12(b)(6) dismissal. Thus, this court DENIES Plaintiffs' request to amend their complaint. *See Brooks,* 2012 WL 3069937, at *7 n.43.

**Conclusion**

For the foregoing reasons, the Court finds that Plaintiffs have failed to state a valid cause of action against Wells Fargo, and thus dismisses their claims against Wells Fargo with prejudice. The Court GRANTS Wells Fargo's Motion to Dismiss (doc. 11) and DENIES Plaintiffs' request for leave to amend their complaint. Plaintiffs' request for injunctive relief and attorney's fees is also DENIED.

SO ORDERED, January 21, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE